[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 12, 2012
JOHN LEY
CLERK

No. 09-15675

_____

D. C. Docket No. 08-21423-CV-AJ

KENNETH FERNANDES,

Plaintiff-Appellant,

versus

CARNIVAL CORPORATION,
d.b.a. Carnival Cruise Lines,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 12, 2012)

Before EDMONDSON and MARCUS, Circuit Judges, and LAWSON,* District
Judge.


PER CURIAM:

Plaintiff Kenneth Fernandes appeals an order compelling arbitration of his

_____

* Honorable Hugh Lawson, United States District Judge for the Middle District of Georgia,
sitting by designation.

complaint. Plaintiff seeks damages for injuries he sustained while working for Carnival Cruise Lines, which Defendant Carnival Corporation operates. Given our precedents, <u>Lindo v. NCL (Bahamas) Ltd.</u>, 652 F.3d 1257 (11th Cir. 2011), and <u>Bautista v. Star Cruises</u>, 396 F.3d 1289 (11th Cir. 2005), we affirm.

I.

Plaintiff was a Carnival employee who worked as a fitter mechanic on the Carnival cruise ship the "Spirit" in 2005 and then aboard Carnival's the "Fascination" beginning in 2007. Plaintiff alleges that Carnival failed to provide him with adequate medical care when he injured his back working on the Spirit in 2005 and that Carnival forced him to continue working in a post of employment that aggravated his injury.

Plaintiff signed a Seafarer's Agreement when he began working on the Fascination in January 2007 that mandates arbitration in the Philippines under Bahamian law for any employment dispute between Plaintiff and Defendant. No similar arbitration agreement exists for Plaintiff's earlier employment on the Spirit.

In a complaint in Florida state court, Plaintiff claimed: (1) negligence under the Jones Act, 46 U.S.C. section 30104; (2) unseaworthiness; (3) failure to provide maintenance and cure; and (4) entitlement to unearned and overtime wages. Defendant removed the action to the federal district court and moved to compel arbitration. Following an initial denial of Plaintiff's motion to remand his case, the district court ordered the parties to arbitrate their dispute about Plaintiff's employment on Fascination; but the district court remanded to state court the claims that arose earlier on the Spirit. Plaintiff appeals the court's order to compel arbitration for their dispute about his employment on Fascination.

## II.

The Court reviews the district court's order to compel arbitration de novo. Lindo, 652 F.3d at 1275 n.15.

Plaintiff argues that public policy prohibits the enforcement of the arbitration agreement; he says an arbitrator in the Philippines applying Bahamian law would not recognize his claim under the Jones Act. Plaintiff relies on our decision in Thomas v. Carnival Corp., 573 F.3d 1113 (11th Cir. 2009), to support his argument that the arbitration agreement is invalid as against public policy. The

3

arbitration provision in Plaintiff's employment contract is governed by the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("Convention"), a treaty which was implemented by Chapter 2 of the Federal Arbitration Act, 9 U.S.C. section 201 et seq.

In Lindo, we recognized that Bautista limited the defenses available to enforcement of a seaman's arbitration agreement -- like Plaintiff's -- governed by the Convention: allowing the defenses of "fraud, mistake, duress, and waiver." Lindo, 652 F.3d at 1272-73 (quoting Bautista, 396 F.3d at 1302). We also rejected Plaintiff's argument about Thomas: "to the extent Thomas allowed the plaintiff seaman to prevail on a new public policy defense under [the Convention], Thomas violates Bautista and our prior panel precedent rule." Lindo, 652 F.3d at 1278. Public policy is no defense to enforcement of Plaintiff's arbitration agreement.

Plaintiff argues that an amendment to the Jones Act, Pub. L. No. 110-181, § 3521(a), 122 Stat. 3, 596 (2008) (codified as amended at 46 U.S.C. § 30104), which deleted its venue provision, renders his claim under the Jones Act nonarbitrable. Lindo squarely rejected this argument, and so do we. 652 F.3d at 1286.

Last, Plaintiff argues that his claim for maintenance and cure is not subject to arbitration because it arose from his employment relationship with Defendant,

4

not from his employment contract with Defendant.  He argues that his maintenance and cure claim cannot be contracted away.  But Plaintiff fails to show that he would have no remedy for his maintenance and cure claim under Bahamian law.  And in <u>Bautista</u>, we affirmed an order compelling arbitration of a claim for maintenance and cure that was based on an arbitration provision in a seamen's employment contract governed by the Convention.  396 F.3d at 1292, 1303. Plaintiff's claim for maintenance and cure is subject to arbitration.

The order compelling arbitration is affirmed.


AFFIRMED.